UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MICHAEL L. CORBITT, JR.,

                Plaintiff,

v.                                          Case No. 20-cv-98-pp

WISCONSIN DEPARTMENT OF
CORRECTIONS, *et al.*,

                Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE (DKT. NO. 2) AND SCREENING AND DISMISSING THE COMPLAINT (DKT. NO. 1)**

---

Michael Corbitt, an inmate at the Dodge Correctional Institution who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that he was injured when the defendants closed a slider door on him when he was coming back to the Milwaukee Secure Detention Facility after a hospital visit. Dkt. No. 1. This order resolves the plaintiff's motion for leave to proceed without prepaying the filing fee and dismisses the complaint.

**I.    Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was a prisoner when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C.

§1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On January 22, 2020, the court ordered the plaintiff to pay an initial partial filing fee of $7.87. Dkt. No. 5. The court received that fee on February 10, 2020. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and require him to pay the remainder of the filing fee over time in the manner explained at the end of this order.

**II.    Screening the Complaint**

    A.    Federal Screening Standard

Under the Prison Litigation Reform Act ("PLRA"), the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss the complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts,

accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B. The Plaintiff's Allegations

The plaintiff alleges that on May 31, 2019 at around 3:15 p.m., he was coming back to the Milwaukee Secure Detention Facility from an escorted hospital visit. Dkt. No. 1 at 2. He says that at the MSDF, the sliding electric doors of the intake sally port are controlled by the defendants; the defendants open and close the doors through radio transmissions from intake officers and sergeants. Id. at 2-3. The plaintiff explains that on May 31, someone asked for the door to be opened, but then it was closed right away on him. Id. at 3. The plaintiff asserts twice that this happened because the defendants "were not paying attention." Id. at 2-3. For relief, he asks for $300,000 for pain and suffering. Id. at 4. He also asks for the defendants to admit staff shortages and an all-time high rate of overtime, and he asks that there be more training and more staff "so everyone can be more attentive." Id.

3

C. Analysis

The plaintiff alleges that the defendants closed the sally port door on him because they "were not paying attention." In other words, the plaintiff claims that the defendants were negligent. A person is negligent when that person has a duty of care to someone else, breaches that duty and causes damages to the other person as a result of the breach. See, *e.g.*, Springer v. Nohl Electric Products Corp., 381 Wis.2d 438, 462 (Wis. 2018); Sell v. Riverview Condominium Assoc., No. 2017AP125, 2018 WL 784777, at *4 (Ct. App. Feb. 7, 2018).

The plaintiff cannot sue the defendants in this federal court for negligence. Negligence is a state-law cause of action. If a Wisconsin plaintiff wants to sue Wisconsin defendants for negligence, the plaintiff must file that lawsuit in state court. Federal courts have jurisdiction over lawsuits that allege violations of federal law or the federal Constitution, or over lawsuits between citizens of different states in cases involving certain amounts of money. This federal court may consider the plaintiff's lawsuit only if he has alleged a violation of *federal* law or the *federal* Constitution.

The plaintiff has not stated a claim for which this federal court may grant relief. He has alleged that the defendants were negligent. That is a state-court claim. This federal court must dismiss the plaintiff's complaint.

**III. Conclusion**

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2. The court **ORDERS** that the agency having

4

custody of the plaintiff shall collect from his institution trust account the **$342.13** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency shall clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution shall forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution. The court will send a copy of this order to the officer in charge of the agency where the plaintiff is confined.

The court **ORDERS** that this case is **DISMISSED** under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a claim. The court will enter judgment accordingly.

The court **ORDERS** that the clerk of court must document that the plaintiff has incurred a "strike" under 28 U.S.C. §1915(g).

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within thirty days of the entry of judgment. See Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within twenty-eight days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 9th day of March, 2019.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**