UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MICHAEL L. CORBITT, JR.,

          Plaintiff,

v.                                   Case No. 20-cv-98-pp

WISCONSIN DEPARTMENT
OF CORRECTIONS, *et al.*,

          Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO APPEAL WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 17)**

---

On March 9, 2020, the court dismissed this case because the plaintiff failed to state a claim. Dkt. No. 9. The plaintiff filed a notice of appeal, a motion for leave to appeal without prepaying the filing fee and a copy of his prisoner trust fund account statement. Dkt. Nos. 12, 17, 18.

Under the Prison Litigation Reform Act, a prisoner must pay the applicable filing fees for a civil case. 28 U.S.C. §1915(b). If a prisoner does not have the money to pay the $505 appellate filing fee in advance, he can request permission from the court to proceed without prepayment. For the court to consider such a request, the prisoner must complete a petition and affidavit and return it to the court, along with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. 28 U.S.C. §1915(a)(2).

The court then assesses an initial partial filing fee of twenty percent of the average monthly deposits to the plaintiff's prison account or average

1

monthly balance in the plaintiff's prison account for the six-month period immediately preceding the filing of the notice of appeal, whichever is greater. 28 U.S.C. §1915(b)(1). After the prisoner pays the initial fee, he must make monthly payments of twenty percent of the preceding month's income until he pays the filing fee in full. 28 U.S.C. §1915(b)(2). The agency that has custody of the prisoner will collect the money and send payments to the court.

There are three grounds for denying a prisoner appellant's request to proceed without prepaying the filing fee: the prisoner has not shown that he is indigent, the prisoner filed the appeal in bad faith or the prisoner has three strikes. See 28 U.S.C. §§1915(a)(2)-(3), (g). In this case, the court finds that the plaintiff has established that he is indigent, see Celske v. Edwards, 164 F.3d 396, 398 (7th Cir. 1999) (". . . a plaintiff who . . . was allowed to proceed *in forma pauperis* in the district court retains his IFP status in the court of appeals unless there is a certification of bad faith"), and he has not accrued three strikes. That leaves only the question of whether the plaintiff filed this appeal in good faith.

A district court should not apply an inappropriately high standard when making a good faith determination. Pate v. Stevens, 163 F.3d 437, 439 (7th Cir. 1998). An appeal taken in "good faith" is one that seeks review of any issue that is not frivolous, meaning that it involves "legal points arguable on their merits." Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983) (quoting Anders v. California, 386 U.S. 738 (1967)); see also Coppedge v. United States, 369 U.S. 438, 445 (1962). On the other hand, an appeal taken in bad faith is one

2

that is based on a frivolous claim, that is, a claim that no reasonable person could suppose has any merit. Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000). The court does not find any indication that the plaintiff did not take this appeal in good faith. Therefore, the court will grant his motion to proceed on appeal without prepaying the filing fee.

The plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his notice of appeal. Dkt. No. 18. A review of this information reveals that the plaintiff must pay an initial partial filing fee of $8.50, as well as additional payments under 28 U.S.C. §1915(b)(2). Newlin v. Helman, 123 F.3d 429, 434 (7th Cir. 1997), rev'd on other grounds by, Walker v. O'Brien, 216 F.3d 626 (7th Cir. 2000) and Lee v. Clinton, 209 F.3d 1025 (7th Cir. 2000).

The court **GRANTS** the plaintiff's motion for leave to appeal without prepayment of the filing fee. Dkt. No. 17.

The court **ORDERS** that the plaintiff shall forward to the Clerk of Court **$8.50** as the initial partial filing fee in this appeal. He must forward that payment in time for the court to receive it by the end of the day on **May 29, 2020**. If the court does not receive the payment by the end of the day on Friday, May 20, 2020, the court of appeals may dismiss the appeal. The plaintiff must clearly identify the payment by the case name and number assigned.

The court **ORDERS** that, after the plaintiff pays the initial partial filing fee, the agency having custody of the plaintiff must collect from his prison trust

account the **$496.50** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10.00 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If the plaintiff is transferred to another institution—county, state or federal—the transferring institution must forward a copy of this order along with the plaintiff's remaining balance to the receiving institution.

The court will send copies of this order to the officer in charge of the agency where the inmate is confined and is providing an electronic copy of this order to PLRA Attorney, United States Court of Appeals for the Seventh Circuit, through the court's electronic case filing system.

Dated in Milwaukee, Wisconsin this 24th day of April, 2020.

                              **BY THE COURT:**

                              _____
                              **HON. PAMELA PEPPER**
                              **Chief United States District Judge**