UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

MICHAEL L. CORBITT, JR.,

                Plaintiff,

v.                                         Case No. 20-cv-98-pp
                                                Appeal No. 20-1497

WISCONSIN DEPARTMENT
OF CORRECTIONS, *et al.*,

                Defendants.
_____

**ORDER DECLINING TO RULE ON THE PLAINTIFF'S MOTION FOR EXTENSION OF TIME (DKT. NO. 25)**
_____

On March 9, 2020 the court dismissed this case for failure to state a claim upon which relief could be granted, and it entered judgment the same day. Dkt. Nos. 9, 10. The plaintiff filed a notice of appeal, dkt. no. 12, and a motion for leave to appeal without prepaying the appellate filing fee, dkt. no. 17. The court granted the motion on April 24, 2020, dkt. no. 19, the plaintiff paid his appellate initial partial filing fee on May 22, 2020 and the case is pending before the Court of Appeals for the Seventh Circuit for briefing.

On June 25, 2020, the plaintiff filed a motion for extension of time. Dkt. No. 21. He did not explain what deadline he wanted this court to extend. The next day, on June 26, 2020, the court issued a short order, right on the docket, explaining that the plaintiff did not have any deadlines to meet in the United States District Court for the Eastern District of Wisconsin because the district court case was closed. Dkt. No. 22. The court told the plaintiff that if he needed an extension of time in his *appeal*, he should file a motion with the Seventh

1

Circuit Court of Appeals. Id. The court sent a copy of that order to the plaintiff at Dodge Correctional Institution.

On August 21, 2020, this district court received from the plaintiff another motion for extension of time. Dkt. No. 25. The plaintiff explains that he recently transferred between institutions and is on a fourteen-day quarantine; as a result, he can't get to the law library to do his legal work. Id. The plaintiff also asks the court to send him instructions on how to write an appellate brief "or how to fully write a brief for which is accurate for [his] type of case;" he says he has "zero instructions on how to write it." Id.

Because the plaintiff appealed this district court's decision to the Seventh Circuit Court of Appeals, this district court no longer has jurisdiction over the case. See Boyko v. Anderson, 185 F.3d 672, 674 (7th Cir. 1999) ("The filing of an appeal . . . deprive[s] the district court of jurisdiction over the case.") That means that this district court cannot rule on motions, cannot grant extensions of time—this court cannot do *anything* because the Seventh Circuit Court of Appeals is now the court that has jurisdiction over the plaintiff's appeal. If the plaintiff needs more time to do something in his appeal, or anything else related to his appeal, he must file a motion with *the Seventh Circuit*—not this district court. The address of the Clerk of Court for the Seventh Circuit Court of Appeals is 219 South Dearborn Street, Room 2722, Chicago, Illinois, 60604.

Because a court is a neutral decision-maker, it cannot give parties legal advice, so it cannot provide the plaintiff with instructions on writing an

appellate brief. There is information on the Seventh Circuit's web site www.ca7.uscourts.gov—the Seventh Circuit has provided examples of appellate briefs. The court will enclose with this order a copy of a document called "PRO SE LITIGANT: Brief Information Sheet" from the Seventh Circuit website.

The court **DECLINES TO RULE** on the plaintiff's motion for extension of time. Dkt. No. 25.

Dated in Milwaukee, Wisconsin this 25th day of August, 2020.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**